IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 4:18CR87 |
| | § | Judge Mazzant |
| LAURA JORDAN (1) | § | |
| a/k/a Laura Maczka | § | |
| MARK JORDAN (2) | § | |

## GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTION TO TRAVEL

The United States of America respectfully requests that the Court deny **Jordan's**

and **Maczka's**[1] motion to travel outside of the United States for a rewards trip to a

Caribbean resort island while pending a felony indictment for the following reasons.

### Standard Pretrial Conditions of Release

The standard pretrial release conditions imposed by this Court at the initial

appearance provides that the defendants (1) must surrender any passport(s); (2) shall not

obtain a passport or any other travel documents; and (3) are only permitted to travel

within the continental United States for business purposes. Pursuant to these conditions,

the Court then denied the defendants' request to travel to England on a preplanned and

prepaid family trip in early June 2018 to meet one of **Jordan's** children after successfully

accomplishing a study abroad program. The Court consistently applies these standard

conditions to generally every other defendant who is released pending trial. There is

---

[1] Because the defendants now have the same last name, the government will refer to Laura Jordan as
"Maczka," which is the aka listed in the indictment returned by the grand jury, to prevent any confusion
as to which defendant the government references.

nothing exceptional about the circumstances presented in the defedants' motion. What is

remarkable is for **Jordan** and **Maczka** to request an exception to the same pretrial release

conditions imposed on virtually all other similarly situated white-collar defendants for an

eight-day "rewards" vacation with friends.

**Bradley Phillips, CEO of Liberty Bankers Life**

The Court should also know that during the underlying investigation in May 2018,

the FBI and members of the U.S. Attorney's Office interviewed Bradley Phillips

(Phillips), the CEO of Liberty Bankers Life (LBL), the entity providing the rewards trip.

Dkt. 42.  Previously in September 2017, the FBI also interviewed Phillips.  The

government has provided summaries of the May 2018 and September 2017 interviews to

both defense teams.

Three points stand out. First, Phillips has been friends with **Jordan** for a

significant length of time. Phillips has invested in many of **Jordan's** business projects,

but he did not invest in the Palisades development. **Jordan** even confided to Phillips in

2015 that he was under FBI investigation because **Jordan** thought Phillips should know

about the investigation as they had several business projects together. Phillips and

**Jordan** have even discussed what the AUSAs and the FBI questioned Phillips about.

Despite the nature of their personal friendship and business relationship, **Jordan** lied to

Phillips about things of value **Jordan** provided to **Maczka** while she was still the Mayor

of Richardson. According to Phillips, **Jordan** said **Maczka** paid for everything during

her stay at the Deer Valley Resort in 2014 with **Jordan**. However, a federal grand jury

returned an indictment that alleges **Jordan** paid for **Maczka's** stay at the Deer Valley

Resort in Park City, Utah.

Second, contrary to the defendants' representations, **Jordan** and **Maczka**, according to Phillips, have not attended the LBL "rewards" vacations [or incentive vacations as Phillips referred to them in his FBI interview] for each of the "past four years." Dkt. 42 at 2. Phillips said that while he invited **Jordan** to attend the "LBL incentive vacations from 2013 to 2016," **Jordan** and his then wife, KJ, did not attend the LBL incentive vacation in 2014. **Jordan** had planned to go but backed out. According to Phillips, in August 2015, **Jordan** and **Maczka** attended their first LBL trip together to Turks and Caicos. In Summer 2016, **Jordan** and **Maczka** attended an LBL cruise from Ireland to Spain and Portugal. Even if this case warranted a deviation from the standard pretrial release conditions – which it does not – Phillips, a longtime friend of **Jordan's** who has also openly criticized this prosecution, is not a sufficient custodian to maintain "eyes" on **Jordan** and **Maczka**. *Id.*

Third, Phillips has business dealings with **Jordan**, not with **Maczka**. While **Jordan** and **Maczka** contend they will have a business meeting on one day of the eight-day trip (*see id.*), this travel is nothing more than a boondoggle. And it is hard to see why the Court would allow this trip when it previously denied the defendants' request to travel to England to recognize the educational accomplishment of **Jordan's** own child.

## Conclusion

For these reasons, the government respectfully requests the Court continue to enforce the standard pretrial release conditions consistently with respect to international

travel and non-business travel within the continental United States, and deny the

defendants' motion.

JOSEPH D. BROWN
UNITED STATES ATTORNEY


/s/_____
CHRISTOPHER A. EASON
Assistant United States Attorney
Oklahoma Bar No. 20197

G.R. JACKSON
Assistant United States Attorney
Texas Bar No. 00784874

BRADLEY VISOSKY
Assistant United States Attorney
Texas Bar No. 24034727

101 East Park Boulevard, Suite 500
Plano, Texas 75074
Telephone: (972) 509-1201

ATTORNEYS FOR THE UNITED STATES


## CERTIFICATE OF SERVICE

I certify a true and correct copy of this motion was served by email to Dan

Cogdell, counsel for Mark Jordan, and Jeff Kearney, counsel for Laura Jordan, on this

20th day of July 2018.

/s/_____
CHRISTOPHER A. EASON